UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WAYNE D. SCHNEIDERHAN,

    Plaintiff,

v.                                            Case No: 8:20-cv-2779-T-36CPT

GEICO GENERAL INSURANCE
COMPANY, AMBER R. BUNTING
and BENJAMIN G COGGEN,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon Plaintiff's Motion to Remand with Incorporated Memorandum of Law in Support of Motion and in Opposition to Defendant Geico's Notice of Removal [Doc. 7], filed on December 7, 2020. In the motion, Plaintiff states that the complaint was timely amended to add Amber Bunting and Greg Coggen as defendants, and because they are both residents of Florida this defeats diversity jurisdiction. [Doc. 7 ¶¶ 4, 5]. The Court, having considered the motion and being fully advised in the premises, will deny without prejudice Plaintiff's Motion to Remand with Incorporated Memorandum of Law in Support of Motion and in Opposition to Defendant Geico's Notice of Removal.

**I.   BACKGROUND**

This action was initially filed against Defendant Geico General Insurance Company on September 24, 2020 in the Circuit Court of the Sixth Judicial Circuit, in

and for Pinellas County, Florida. [Docs. 1-1, 1-8]. It was removed by Geico on November 24, 2020, based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1) and 1441. [Doc. 1 ¶ 1]. Among other things, Geico alleged that "Plaintiff is a citizen of the State of Florida" and that Geico "is incorporated in the State of Maryland and maintains its principal place of business in Chevy Chase, Maryland." *Id.* ¶¶ 3, 4. On December 4, 2020, Plaintiff filed an amended complaint, which among other things, added two parties, asserting claims against Amber R. Bunting as owner of the vehicle involved in the collision giving rise to the lawsuit and Benjamin Coggen who allegedly operated the vehicle. [Doc. 6 ¶¶ 3, 4]. They are both residents of Spring Hill, Florida. *Id.* Plaintiff them moved to remand the action to state court, arguing that the current presence in the lawsuit of Amber R. Bunting and Greg Coggen defeats diversity jurisdiction of this Court and that the amendment was not filed with the purpose of destroying diversity. [Doc. 7 ¶¶ 4, 5, p. 4]. Defendant did not file a response to the motion.

## II.   DISCUSSION

"An action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) (citing 28 U.S.C. § 1441(a), (b)). Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Each defendant must be diverse from each plaintiff. *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002). For purposes of diversity jurisdiction, citizenship is equivalent to

domicile. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). "Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011). "Residence alone is not enough." *Travaglio*, 735 F.3d at 1269. "[D]iversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal." *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017). However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447.

The Eleventh Circuit Court of Appeals "ha[s] explained before that the determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, *supplemented by any affidavits and deposition transcripts submitted by the parties.*" *Shannon v. Albertelli Firm, P.C.*, 610 F. App'x 866, 870–71 (11th Cir. 2015) (quoting *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir.2005)). Additionally, "the removing party has the burden of proving that . . . the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into [the action]." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citing *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1561 (11th Cir. 1989)). Defendant has not opposed or presented arguments regarding joinder of the individual defendants. Based on its review of the allegations in the amended complaint [Doc. 6] and the motion to remand [Doc. 7], the Court finds that joinder in this case is not fraudulent and has not been

3

done for the purpose of destroying diversity. As such, joinder of defendants Amber R. Bunting and Benjamin Coggen is appropriate.

However, the motion is due to be denied. Plaintiff has not pleaded the citizenship of the new defendants.[1] The amended complaint alleges that Amber R. Bunting and Benjamin Coggen are residents of Florida. It is well established that for purposes of determining jurisdiction it is domicile, and not residency, that is determinative. *Travaglio*, 735 F.3d at 1269; *Molinos Valle Del Cibao, C. por A.*, 633 F.3d at 1341–42. That the new defendants are residents of Florida is not sufficient to establish their citizenship. As such, the Court cannot find that diversity had been destroyed.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's Motion to Remand with Incorporated Memorandum of Law in Support of Motion and in Opposition to Defendant Geico's Notice of Removal [Doc. 7] is **DENIED, without prejudice**. Plaintiff may file an amended complaint which sufficiently alleges the citizenship of defendants Amber R. Bunting and Benjamin Coggen and then renew his motion to remand, if he so chooses.

---

[1] The Court finds that the evidence provided with the notice of removal sufficiently establishes Plaintiff's citizenship in Florida.

4

**DONE AND ORDERED** in Tampa, Florida on December 31, 2020.

_Charlene Edwards Honeywell_
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any